IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| YUWSUF ABDUL-GHAFOOR, *individually and on behalf of similarly situated persons*, ***et al.***, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | Case No. 17-CV-1105-SMY-GCS |
| vs. | ) ) ) | |
| PROFESSIONAL TRANSPORTATION, INC. and RONALD D. ROMAIN, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Now pending before the Court is Defendants' "Motion to Dismiss for Improper Venue or to Transfer Venue to the Southern District of Indiana" (Doc. 35). For the reasons set forth below, the motion is **GRANTED in part** and the Clerk of Court is **DIRECTED** to transfer this matter to the United States District Court for the Southern District of Indiana.

### BACKGROUND

The 1,464 Plaintiffs are current or former employees of Professional Transportation, Inc. ("PTI") who worked as over-the-road drivers. PTI is in the business of providing interstate and intrastate ground transportation for railroad crews in 30 states plus the District of Columbia. Plaintiffs filed this collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., alleging that they are owed minimum wage and overtime pay for various work-related activities (Doc. 1). In particular, they claim the manner in which Defendants calculated driving times, beginning around August 23, 2013, did not capture or compensate them for the full amount of work related driving time for any given trip or set of trips. Instead, PTI deducted a standard amount of "commute time" so that Plaintiffs were not fully compensated for the actual

amount of time worked. Plaintiffs further claim that these calculations are based on company-wide policies that have the effect of denying them a minimum wage and overtime pay.

Plaintiffs assert that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and that venue is proper in this District because Defendants conduct business here and "a substantial part of the events and omissions giving rise to [P]laintiffs' claim occurred in this judicial district." (Doc. 1, p. 16). Plaintiffs are residents of various states. PTI is an Indiana Corporation and three of its branch offices are located in Dupo, Collinsville, and East St. Louis, Illinois.[1] The individual defendant, Ronald D. Romain, who is the President and Secretary of PTI, resides in Indiana. Only 32 of the named plaintiffs conducted work related activities in the Southern District of Illinois.

Each of the Plaintiffs were "opt-in" parties to a collective action filed in the United States District Court for the Southern District of Indiana entitled *Crawford v. Professional Transportation, Inc.*, 2017 WL 1077660 (N.D. Ind. 2017). In that case, the named plaintiff alleged that he and others were not being paid in a manner consistent with the FLSA. The case was conditionally certified with a class defined as "those former or current OTR [over the road] drivers employed from February 22, 2011 to the present with outstanding claims for wages." *Id*. at * 6. During the course of the litigation, the plaintiff narrowed the scope of his claims to "'two areas, (i) minimum wage/overtime compensation for OTR driving and (ii) required pre-trip van inspections.'" *Id*. In decertifying the class, the Court focused on the plaintiff's theory that they were not being paid for pre-trip van inspections. In an Order on reconsideration, the Court clarified that while more general wage and overtime claims were made by the named plaintiff, he did not present any evidence of the same. *Crawford v. Professional Transportation, Inc.*, 2017 WL

---

[1] PTI has more than 300 branch offices throughout the United States. *Crawford v. Professional Transportation, Inc.*, 2017 WL 1077660, * 1 (S.D. Ind. 2017).

3535134, * 2 (S.D. Ind. 2017).

Defendants filed their Answer in this case on December 27, 2017 (Doc. 27), generally denying Plaintiffs' venue allegation. Almost three months later, after a trial date was assigned to this case, Defendants filed the Motion presently before the Court. They seek dismissal of Defendant Romain pursuant to 28 U.S.C. § 1406(a), which permits the Court to dismiss or transfer a case for improper venue. They further seek to transfer this matter as to both defendants pursuant to 28 U.S.C. § 1404(a) on the basis of convenience. In particular, Defendants argue that Romain is not a resident of this District and that the Southern District of Indiana would be a more convenient forum because it is familiar with the issues in this case, Defendants' records and witnesses are located there, Plaintiffs and witnesses are dispersed throughout the United States, and a majority of Plaintiffs have no connection to this District. Plaintiffs respond, in part, that this case is not an extension of *Crawford*, that the location of evidence/witnesses will not make discovery any more burdensome in this District, and that no other forum would be more convenient.[2]

### DISCUSSION

The venue statute provides, in relevant part:

**(b) Venue in general.** --A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[2] The parties spend an inordinate amount of time and briefing on the *Crawford* matter and interject their arguments with hyperbole and red herrings. To the extent that the Court does not address every argument made in the briefings, those arguments are deemed to be without merit or premature.

>**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

For purposes of the statute, a natural person is a resident of the state where he is domiciled. *Id*. § 1391(c)(1). The parties agree that Romain is domiciled in Evansville, Indiana (which is located in the Southern District of Indiana). *See Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016) (noting that the Court may look outside the pleadings in determining a Rule 12(b)(3) motion to dismiss for improper venue). However, Plaintiff argues that Romain's place of domicile is irrelevant because he is being sued as a "statutory employer" pursuant to 28 U.S.C. § 203. *See Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987) (stating that an "employer" as used in the FLSA can include a person who "had supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation"). Thus, Plaintiff argues that Romain is subject to this Court's personal jurisdiction just like PTI.[3] Defendants do not address this point nor do they offer any argument that the inclusion of Romain as a party-defendant may be merely duplicative of Defendant PTI as, presumably, Plaintiffs will be entitled to only one recovery.

While 29 U.S.C. § 1406(a) requires the Court to dismiss an action or transfer a case filed in the wrong district, Title 29 U.S.C. § 1404(a) permits the Court to transfer an action filed in a proper district to a district that may be more convenient, in the interests of justice. *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). This Court enjoys broad discretion in transferring an action pursuant to the statute. *Id*. In making such a determination, the Court considers several factors including, the convenience of the parties, the convenience of the witnesses, the location of material events and material evidence, and the

---

[3] There is no dispute that PTI is subject to this Court's personal jurisdiction.

interests of justice. *Id*. at 978; *Coffey v. Van Dorn Iron Works*, 796 F.2d 217-219 (7th Cir. 1986) ("In passing on a motion for transfer, the district judge must consider the statutory factors in light of all the circumstances of the case."). "The Court may also consider the location of the relevant events and the access to evidence provided by each potential forum." *Allied Servs. Div. Welfare Fund v. Novartis Pharma. Corp.*, 12–cv–775–MJR, 2012 U.S. Dist. LEXIS 188278, at *1 (S.D.Ill. Nov. 28, 2012).

"The movant ... has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient," *Coffey*, 796 F.2d at 219–20, and the Court must give some weight in favor of the forum in which the plaintiff chose to file the Complaint. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir.1989); *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir.1982). Putting aside the question of whether Romain is an employer for personal jurisdiction purposes, the Court finds that transfer to the Southern District of Indiana is appropriate under § 1404(a).

The deference typically afforded a plaintiff's forum choice is diminished where the cause of action does not arise in the forum or the plaintiffs do not live in the forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-6 (1981) ("When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference."). Deference is further diminished where a collective or class action is pursued because any plaintiff can claim that any other jurisdiction is more convenient. *See e.g. Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947). Here, Plaintiffs could have filed suit in any number of judicial districts; the fact that they filed in this District is given limited deference.

More significantly, weighing the convenience factors in this case yields a neutral result. The witnesses are either dispersed throughout the United States (i.e. Plaintiffs and branch employees) or generally located in Evansville, Indiana (corporate employees). Plaintiffs maintain the location of witnesses is irrelevant because they will only seek to conduct written discovery of electronic materials. While such a presumption may not be a foregone conclusion, it is not immediately apparent that extensive depositions will be required. And, as Plaintiffs point out, the physical location of electronic records has limited weight as they can be easily transmitted. Other factors, such as the location of material events and ease of access to proof are equally neutral given the diverse geography of the plaintiffs and locations were the policy in question was enforced.

That said, the Court finds that the interests of justice warrant transfer. As the parties point out in their briefing, the Southern District of Indiana has extensive knowledge of the bases of this litigation. Indeed, it appears that Plaintiffs' theory of recovery may well be one that was litigated generally in *Crawford*. Moreover, the Evansville community has a greater interest in the resolution of this matter than the citizens of Southern Illinois. The decision of how to compensate drivers was driven by a policy developed by executives in Evansville, Indiana, and that community has vested interest in ensuring that corporations within its boundaries are complying with federal law. For these reasons, this matter should be transferred to the Southern District of Indiana.

## CONCLUSION

For the foregoing reasons, Defendants' "Motion to Dismiss for Improper Venue or to Transfer Venue to the Southern District of Indiana" (Doc. 35) is **GRANTED in part** and the Clerk of Court is **DIRECTED** to transfer this matter to the United States District Court for the Southern District of Indiana.

**IT IS SO ORDERED.**

**DATED: February 4, 2019**

                **s/ Staci M. Yandle**
                **STACI M. YANDLE**
                **United States District Judge**